UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIAM COLBERT, | ) | |
| | ) | Civil No. 12-99-GFVT |
| Petitioner, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| RICHARD B. IVES, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

**** **** **** ****

William Colbert is an inmate confined in the United States Penitentiary - McCreary in

Pine Knot, Kentucky.  Proceeding without counsel, Colbert has filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  [R. 1]  The Court has reviewed the petition,[1] but must

deny it as premature because Colbert is currently seeking essentially the same relief in another

proceeding pending in the district court in which he was convicted and sentenced.

**I**

On November 7, 2006, Colbert agreed to plead guilty to one count of distributing crack

---

[1]  The Court conducts a preliminary review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  Because Colbert is not represented by an attorney, the court reviews his petition under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage the court accepts Colbert's factual allegations as true and liberally construes his legal claims in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  Otherwise, the Court may resolve the petition as law and justice require.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and waived his right to appeal and collaterally attack his sentence.  The district court in the Northern District of West Virginia sentenced Colbert to a 151-month prison term to be followed by a three-year term of supervised release.  *United States v. Colbert*, No. 1:06-cr-94-JES (N.D. W. Va. 2006)  [R. 32, 47 therein].

In January 2010, Colbert filed his first motion to vacate his sentence under 28 U.S.C. § 2255.  Colbert argued that Brian J. Kornbrath, gave him erroneous advice about the potential sentence he might receive, and after sentencing, Kornbrath failed to file an appeal on his behalf.  Consequently, the one-year statute of limitations for filing a § 2255 motion should be tolled.  [R. 60 therein]  In an amended § 2255 motion, Colbert alleged that his conviction resulted from a defective plea which he entered because he was suffering from a mental disease or defect that impaired his ability to plead guilty with a full understanding of the nature of the charge and its consequences.  Colbert further alleged that Kornbrath was ineffective for failing to notify the sentencing court of his mental disease or defect and for failing to seek a competency determination. [R. 81 therein]

In August 2011, a magistrate conducted an evidentiary hearing.  Colbert, represented by new counsel, appeared in person.  Kornbrath testified by video.  On September 19, 2011, after considering the briefs and testimony, the magistrate issued a Report and Recommendation (R&R) denying Colbert's § 2255 motion.  The magistrate concluded that Colbert had not carried his burden of showing either that he had unequivocally instructed his attorney to file a notice of appeal or that his attorney had a duty to consult under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).  [R. 125, pp. 11-14 therein]  The magistrate further concluded that even assuming Colbert had instructed his attorney to file a notice of appeal, his claims were untimely and he had failed to demonstrate that the one-year statute of limitations should be equitably tolled.  [*Id.*, pp.

2

14-19]  Colbert filed his objections to the R&R on December 12, 2011, to which the United

States responded on January 3, 2012.  [R. 139, 142 therein]

On May 29, 2012, while his first § 2255 motion was pending, Colbert filed a second

§ 2255 motion in the sentencing court.  In this motion, he alleged that *Depierre v. United States*,

131 S.Ct. 2225 (2011), *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), *Lafler v. Cooper*,

132 S.Ct. 1376 (2012), and *Missouri v. Frye*, 132 S.Ct. 1399 (2012), substantively changed the

law, applied retroactively to cases on collateral review (such as his), and supported his allegation

that he had been denied effective assistance of counsel in violation of the Sixth Amendment.  [R.

148, therein]

In *DePierre*, the Supreme Court held that the term "cocaine base" as used in 21 U.S.C.

§ 841(b)(1) refers not just to crack cocaine, but to all cocaine in its base form.  *DePierre*, 131

S.Ct. at 2231-32.  Colbert argued that under *DePierre*, he had been charged with and convicted

of a nonexistent drug offense, and that his conviction violated the his Fifth Amendment right to

due process of law.

In *Carachuri–Rosendo*, the Supreme Court held that a defendant who has been convicted

in state court for a subsequent simple drug possession offense, which was not enhanced based on

the fact of a prior conviction, had not been convicted of an aggravated felony under 8 U.S.C.

§ 1101(a)(43), so as to disqualify him for cancellation of removal.   *Id*., 130 S. Ct. at 2589.

Colbert argued that based on *Carachuri–Rosendo*, the sentencing court had improperly

determined that he was a career offender, which enhanced his sentence.  As a result, his sentence

violated the Due Process Clause of the Fifth Amendment.

In *Frye*, the Supreme Court held that defense counsel has the duty to communicate

formal offers from the prosecution to accept a plea on terms that may be favorable to the

accused, prior to the offer's expiration, and defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). *Frye*, 132 S.Ct. at 1409. The Court further held that to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel. Additionally, a defendant must demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. *Id.*

In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.* The Court held that the proper remedy to cure the ineffective assistance was to order the State to re-offer the plea agreement and allow the state trial court to "exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions and sentence from trial undisturbed." *Id.* at 1391. Colbert argued that because his counsel's conduct fell within the parameters of *Lafler* and *Frye*, he was entitled to relief from his conviction and sentence.

Colbert filed his § 2241 petition in this Court on May 22, 2012—one week before he filed his second § 2255 motion in the sentencing court. Colbert's § 2241 petition contains the same arguments as those asserted in his second § 2255 motion: Kornbrath rendered ineffective assistance of counsel in numerous regards during the plea bargaining process, and under

4

*DePierre*, *Lafler*, *Frye*, and *Carachuri- Rosendo*, his Sixth Amendment rights were violated and he did not knowingly and voluntarily plead guilty.

Colbert claims that Kornbrath provided him poor counsel on numerous issues. Bad advice was given about the drug offense charged in the indictment and the potential sentence he was facing. Kornbrath misled and deceived Colbert about the differences between cocaine and cocaine base and tricked him into pleading guilty to a non-existent offense called "crack." Colbert also contends that had Kornbrath correctly advised him "of the true nature of cocaine," [R. 1-1, p. 3] he would have filed a motion to dismiss the indictment and proceeded to trial. Kornbrath also failed Colbert by not advising him that he could have entered a conditional guilty plea, reserving the right to appeal his prior state convictions that were used to enhance his federal sentence. Kornbrath also neglected to challenge the federal charges under the Tenth Amendment. Finally, Kornbrath's poor guidance resulted in receiving a 10-year enhanced sentence instead of a 5-year sentence.

On March 28, 2013, the sentencing court adopted the R&R and denied Colbert's first § 2255 motion. [R. 152, therein] The sentencing court determined that Colbert's ineffective assistance of counsel argument did not justify equitably tolling the statute of limitations. Colbert also failed to establish that either his placement in administrative detention or the alleged confiscation of his legal materials by prison officials, both occurring in February 2008, constituted grounds for equitable tolling. [*Id*., pp. 8-15]

On April 1, 2013, the magistrate issued an R&R indicating that Colbert's second § 2255 motion should be denied. [R. 148, therein] The magistrate determined that Colbert's § 2255 motion constituted a second § 2255 motion and that it was filed without the Fourth Circuit Court of Appeals' permission. Accordingly, the sentencing court lacked subject matter jurisdiction to

consider Colbert's second § 2255 motion.  [R. 153, pp. 8-9, therein] While the magistrate did not

address the merits of Colbert's legal claims, he described them as "repetitive and inapposite:"

[*id*., p. 8]

> Petitioner's reliance on the June 9, 2011 *DePierre* decision as a new rule of
> constitutional law, previously unavailable when he filed his first §2255 petition,
> made retroactive to cases on collateral review, is misplaced.  *DePierre* is merely a
> clarification of the terms of a criminal statute already in effect when petitioner
> was convicted, an interpretation of the meaning, within 21 U.S.C.
> § 841(b)(1)(A)(iii) of "cocaine base" and "crack cocaine."
> . . . .
> Because *DePierre* did not give a new interpretation to 21 U.S.C.
> § 841(b)(1)(A)(iii), it provides no relief to petitioner.  Further, the Fourth Circuit
> ruled in *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012), that neither
> *Carachuri* nor *Simmons* were retroactively applicable to cases on collateral
> review.

[*Id*., n. 9]  The magistrate informed Colbert that he had fourteen days from April 1, 2013 in

which to file written objections to the R & R.  [*Id*., p. 9]  This time has since been extended on

motion of Colbert, and now his objections are due May 7, 2013. [R. 161, therein]

## II

Colbert is not challenging any aspect of the execution of his sentence, such as the

computation of sentence credits or parole eligibility, issues which fall under the purview of §

2241.  *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).  Instead, he contends that his

drug convictions are invalid because he received ineffective assistance of counsel during the

plea-bargaining process.  Section 2241 is not the mechanism for asserting such challenges:  28

U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to

release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442,

447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or

prior to sentencing."  *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17,

2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his or her remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention.  The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute.  *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).  This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under § 2255 and was denied relief.  *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Colbert cannot demonstrate that his remedy under § 2255 was either inadequate or ineffective because his second § 2255 motion, in which he raised his *Depierre*, *Lafler*, *Frye*, and *Carachuri- Rosendo* claims, is currently pending in the sentencing court.  Moreover, his time for filing objections to the R&R only began to run on April 1, 2013.  The sentencing court must be afforded a full opportunity to adopt, reject, or take other appropriate action as to the R&R and any objections thereto.  The sentencing court, and/or the Fourth Circuit Court of Appeals, should be given the opportunity to address issues which the magistrate raised in his April 1, 2013 R&R.

It should also be noted that other prisoners have filed § 2241 petitions challenging their convictions and sentences while they were simultaneously seeking relief via § 2255 motions and this Court has consistently denied their § 2241 petitions as premature.  *See Besser v. Holland*,

No. 0:11-CV-70-HRW (E.D. Ky. 2011) (dismissing § 2241 petition as premature pending

resolution of petitioner's § 2255 motion in the sentencing court), *aff'd*, 2012 WL 4121122 (6th

Cir. Sept. 20, 2012); *Brandon v. Holland*, 2011 WL 87183, at *1 (E.D. Ky. Jan. 6, 2011) (same);

*White v. Grondolsky*, 2006 WL 2385358, at *2 (E.D. Ky. Aug. 17, 2006) (same).   Colbert's

habeas petition will therefore be dismissed without prejudice to his filing another petition under

§ 2241 after the sentencing court or the Fourth Circuit Court of Appeals has addressed his two

§ 2255 motions.

Colbert is advised that just as the magistrate in the sentencing court recently indicated,

the merits of his arguments are extremely doubtful.  The *DePierre* decision is not retroactively

applicable to cases on collateral review.  *Hughes v. United States*, 2012 WL 3947606, at *1

(W.D. Ky. Sept. 10, 2012); *United States v. Crump*, 2012 WL 604140, at *2 (W.D. Va. Feb. 24,

2012).  The two federal courts of appeal to have reached this issue have both held that claims

predicated upon *DePierre* are not cognizable in habeas petitions filed under § 2241.  *Wilson v.

United States*, 475 F. App'x 530 (5th Cir. 2012); *Fields v. Warden, FCC Coleman-USP 1*, 2012

WL 2924020, at *2 (11th Cir. July 19, 2012).

Further, four federal courts of appeal have ruled that because *Frye* and *Lafler* do not

announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are

not retroactively applicable to cases on collateral review.  *Buenrostro v. United States*, 2012 WL

4784304, at *2 (9th Cir. Oct. 9, 2012) (holding that *Frye* and *Lafler* "did not break new ground

or impose a new obligation on the State or Federal Government"); *In re King*, 2012 WL

4498500, at *1 (5th Cir. Aug. 14, 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir.

2012); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012); *see also Robertson v. United States*,

No. 7:10–cr–00054, 2012 WL 2930481, at *2 (W.D. Va. July 18, 2012) (*Frye* did not afford

petitioner relief on collateral review because it "did not recognize a new right; rather, it applied a long recognized right to the effective assistance of counsel to a particular set of facts.").

As for *Carachuri–Rosendo*, the Supreme Court neither stated that the holding announced a new rule nor held that it was retroactive to cases pending on collateral review. The Supreme Court has concluded "that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001); *see also Brecht v. Abrahamson*, 507 U.S. 619, 634 (1993) ("Although new rules always have retroactive application to criminal cases on direct review, we have held that they seldom have retroactive application to criminal cases on federal habeas.") (internal citations and punctuation marks omitted); *Shaeffer v. United States*, 2012 WL 1598061, *3-4 (E.D. Tenn. May 7, 2012) (ruling that *Carachuri–Rosendo* is not retroactive to cases on collateral review).

For these reasons, Colbert is not entitled to relief under § 2241. The Court will deny his habeas petition and dismiss this proceeding from the docket.

### III

Accordingly, **IT IS ORDERED** that:

1.      William Colbert's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [R.1 ] is **DENIED WITHOUT PREJUDICE**.

2.      The Court will enter an appropriate judgment.

3.      This matter is **STRICKEN** from the active docket.

This 30th of April, 2013.

9



Signed By:

***Gregory F. Van Tatenhove***

**United States District Judge**

10